|1SCHOTT, Chief Judge.
This is an appeal by the Louisiana Insurance and Guaranty Association from the trial court’s dismissal of its petition for a writ of mandamus. We affirm for the reason that appellant is not entitled to invoke mandamus proceedings in order to obtain the relief it seeks.
In its petition appellant prayed for a writ of mandamus directing the Clerk of the Civil District Court to take and process filings presented on behalf of appellant and others without the payment of costs and to otherwise comply with Acts 651 and 958 of 1993.[1] A mandamus is designed to compel a public officer to perform a ministerial duty. C.C.P. art. 3863. It is a summary proceeding to be heard by the court within ten days after the officer is served. Arts. 3781-3782.
Appellant is not simply seeking to compel the performance of a ministerial act. It is seeking a general declaration of its rights under two acts of the legislature. This falls within the scope of a declaratory judgment proceeding under C.C.P. arts. 1871 et seq. That is an ordinary proceeding in |2which the normal delays for response to service and citation can be observed affording to the court and parties an appropriate amount of time to consider the case.
The trial court assigned no reasons for dismissing appellant’s petition. We surmise that the reason was the same as ours, appellant is not entitled to the relief it claims, a *804 writ of mandamus, based on the allegations and prayer of its petition.

AFFIRMED.

. LSA-R.S. 13:4521(A). This statute exempts LIGA from the payment of cost, but does not expressly exempt those whom LIGA is statutorily obligated to insure.